UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| DEAN W. HARTNITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-29 |
| | ) |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, DEAN W. HARTNITT, by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NATIONAL CREDIT ADJUSTERS, LLC:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in the City of Uvalde, Uvalde County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a Kansas limited liability company and debt collection agency headquartered in the City of Hutchinson, Reno County, State of Kansas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff arising from a Speedy Cash loan.

20. The alleged debt owed arises from transactions for personal, family, or household purposes.

21. In or around late-February/early-March 2020, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff on his cellular telephone at 314-709-6169 in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 314-710-3073, which is one of Defendant's many telephone numbers.

24. Since Defendant began placing collection calls to Plaintiff, Plaintiff has answered several of Defendant's collection calls.

25. During the above-referenced collection calls, Plaintiff told Defendant's collectors to stop calling Plaintiff.

26. Despite Plaintiff requesting that Defendant stop calling him, Defendant continued to call Plaintiff in an attempt to collect the alleged debt unabated.

27. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

28. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

29. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant bombarded Plaintiff with collection calls and then continued to do so even after Plaintiff told Defendant stop calling Plaintiff;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant bombarded Plaintiff with collection calls and then continued to do so even after Plaintiff told Defendant stop calling Plaintiff;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff telling Defendant to stop calling Plaintiff;

    d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Plaintiff telling

      Defendant to stop calling Plaintiff; and

    e. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant engaged in all the misconduct alleged herein.

WHEREFORE, Plaintiff, DEAN W. HARTNITT, respectfully request judgment be entered against NATIONAL CREDIT ADJUSTERS, LLC, for the following:

    a. Statutory damages of $1,000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

31. Plaintiff repeats and realleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

32. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number when Defendant continued to call Plaintiff after Plaintiff requested that Defendant stop calling Plaintiff.

WHEREFORE, Plaintiff, DEAN W. HARTNITT, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

    a. For damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex.

      Bus. & Com. Code § 17.50(d);

    b. For attorneys' fees, costs and disbursements;

    c. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

    d. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

Date:  April 8, 2020

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff